IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JALLAH K. BOLAY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF NEBRASKA, ANDREW CORBIN, BRANDON HOLLISTER, LEADERSHIP AND ADMINISTRATION LRC,  LINCOLN REGIONAL CENTER, (LRC); COUNTY COURT OF LANCASTER COUNTY, THOMAS ZIMMERMAN, TIMOTHY PHILLIPS, and LEADERSHIP AND ADMINISTRATION OF LANCASTER COUNTY COURT,<br><br>　　　　　　Defendants. | **8:24CV280**<br><br>**MEMORANDUM AND ORDER** |

　　　This matter is before the Court on Plaintiff's Motions to Proceed in Forma Pauperis.  Filing No. 6; Filing No. 8.  Additionally, pursuant to the Court's Memorandum and Order at Filing No. 9, Plaintiff filed an Amended Complaint, Filing No. 10.  The Amended Complaint provides an updated address that confirms Plaintiff is no longer confined in the Lincoln Regional Center ("LRC").  Upon review of Plaintiff's Motions, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis.

　　　The Court also conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF THE AMENDED COMPLAINT

Plaintiff was brought to the LRC on February 21, 2024, to complete a court competency evaluation. Filing No. 10 at 5. Though not clear from the allegations, the Amended Complaint references a "medical order" that was brought about, in part, by the "ill" testimony of the LRC Attending Practitioner, Defendant Andrew Corbin. Filing No. 10 at 8. Plaintiff presumably alleges that he was brought to the LRC because of the faulty medical order.

Upon arrival at the LRC, Corbin presented Plaintiff with a "list of random medication" that would be added to Plaintiff's onboarding package and kept at the nursing station in case of emergency. Filing No. 10 at 16. Though Plaintiff was never forced to take the "random" medication, the nurses repeatedly offered it to him. Filing No. 10 at 17. Plaintiff generally alleges that on the day he arrived at the LRC, "it was safely said that [Plaintiff] is allergic to these kind of things (chemical medication)." Filing No. 10 at 21.

Though Plaintiff alleges he was fully competent, he asserts that the "fast track" to completing an evaluation is to agree to take medication, regardless of need. Filing No. 10 at 7. On June 26, 2024, and July 3, 2024, a host of medical staff forcefully injected Plaintiff with an "unwarranted" and "wrongful" medication. Filing No. 10 at 9. As a result of the forced injection on June 26, Plaintiff almost immediately experienced pain in his arm, which also began to swell. Filing No. 10 at 10. Later that evening, Plaintiff's chest began to feel tense and painful. *Id.* The next morning, Plaintiff informed the first shift nurse of Plaintiff's pain, and the nurse placed Plaintiff on the "clinic list" for the next day. *Id.*

On June 28, 2024, Plaintiff was taken to the clinic in "Building #5" where he saw the "Building #5 Doctor." *See id.* The doctor told Plaintiff that nothing could be done to address or stop the side effects Plaintiff experienced from the medication. *Id.* Plaintiff alleges the Building #5 Doctor could not do much about "forced medication that another attending practitioner [Andrew Corbin]" is "responsible for." Filing No. 10 at 11.

On July 1, 2024, in addition to pain, Plaintiff began to experience body numbness, particularly in his arm and leg. *Id.* On July 3, 2024, a new LRC unit nurse approached Plaintiff about again taking the medication. *Id.* Plaintiff resisted, and explained the various side effects he experienced since the first injection. Filing No. 10 at 11-12. Nevertheless, LRC staff pinned Plaintiff to the wall, pulled down his trousers, and again forcefully injected Plaintiff with the medication. Filing No. 10 at 12.

Later that evening, Plaintiff collapsed on a concrete floor and was momentarily paralyzed. *Id.* Plaintiff again felt the chest pain and body numbness he had felt after the first injection. Filing No. 10 at 12-13. Additionally, he experienced "severe trouble" from his fall to the concrete floor, and difficulty breathing from his chest pain. Filing No. 10 at 13. Plaintiff again notified the nurse of the side effects and Plaintiff was scheduled to be taken to the health clinic. *Id.*

On July 5, 2024, Plaintiff again felt the side effects he experienced from the medication including fatigue, dizziness, body numbness, chest tightness, arm pain, and his collapse to the concrete floor. Filing No. 10 at 14. The Building #5 Doctor again repeated that he could not do anything to treat the negative side effects. *Id.*

3

Plaintiff alleges Defendant Corbin, Defendant Brandon[1] Hollister, and the "entire LRC medical staff" were informed of side effects and that Plaintiff was "personally allergic to (most) chemical medication of that nature." *Id.* Plaintiff alleges that Corbin and the LRC staff ignored Plaintiff's allergies and forced administration of the medication. Filing No. 10 at 15. Plaintiff also alleges that the LRC's lack of "administration/leadership oversight and accountability" worsened the negligent acts of the other defendants. *Id.*

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

---

[1] Plaintiff names "Brandon Hollister" in the caption but refers to "Braden Hollister" in the body of the Complaint.

4

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Construed liberally, the focus of Plaintiff's Amended Complaint appears to be that Defendants violated his Fourteenth Amendment rights by forcing him to the LRC and by forcing him to receive medication while at the LRC. *See* Filing No. 10 at 5. Though he lists several other theories, he does not ask for any specific relief.

Plaintiff is apparently no longer committed to the LRC. Therefore, to the extent he seeks to sue a state official for injunctive or declaratory relief, he lacks standing. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions. Appellant is now imprisoned in [a different facility]. Thus, his claims for injunctive relief are moot. For the same reason, he does not have standing to seek declaratory relief.") (citations omitted). It follows that Plaintiff is therefore limited to pursuing a claim for damages resulting from a violation of constitutional rights under 42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by

conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Even construed liberally, Plaintiff has not stated a claim for which relief can be granted against any of the named Defendants.

### A. "Persons" Under § 1983

As an initial matter, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Here, the State of Nebraska, the LRC, and the Lancaster County Court are not "persons" within the meaning of § 1983. *See Harris v. Missouri Ct. of App.*, 787 F.2d 427, 429 (8th Cir. 1986) (noting that a court is not a "person" within the meaning of § 1983); *El v. Daniels*, No. 8:22CV203, 2023 WL 3004577, at *4 (D. Neb. Apr. 19, 2023) (concluding that the State of Nebraska, LRC, and the Douglas County Court are not persons under § 1983). Accordingly, § 1983 does not create a cause of action against these defendants.

### B. Sovereign Immunity

Additionally, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Congress did not override states' sovereign immunity when it enacted 42 U.S.C. § 1983, *see Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989), and the State of Nebraska has not consented to be sued under section 1983, *see Anthony K. v. State,* 289 Neb. 523, 536 (2014) ("Nebraska has not waived its sovereign immunity with regard to § 1983 suits brought against it.").

Accordingly, Plaintiff's claims against the State of Nebraska and LRC, a branch of the Nebraska Department of Health and Human Services—a state instrumentality—are barred by the Eleventh Amendment. *See Nahkahyen-Clearsand v. Lincoln Reg'l Ctr.*, No. 4:17CV3074, 2017 WL 3172856, at *2 (D. Neb. July 25, 2017), *aff'd,* No. 17-3131, 2018 WL 1633473 (8th Cir. Feb. 22, 2018).

Plaintiff also names several individuals or groups of individuals who are employees of the State of Nebraska. Plaintiff does not specify the capacity in which any of his claims are brought. However, to the extent Plaintiff sues any individuals in their official capacity, such official capacity claims against public officials are construed as filed against the officers' employing entity. *Norfleet By & Through Norfleet v. State of Ark. Dep't of Hum. Servs.*, 796 F. Supp. 1194, 1197 (E.D. Ark. 1992)*, aff'd sub nom. Norfleet By & Through Norfleet v. Arkansas Dep't of Hum. Servs.*, 989 F.2d 289 (8th Cir. 1993) ("State officers sued in their official capacity . . . assume the identity of the government that employs them."). Thus, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, and therefore is no different from a suit against the State itself." *Id.* (citing *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989)) (internal quotations omitted).

In this instance, Defendants Corbin, Hollister, and the "Leadership and Administration of the LRC" are employees of the LRC. To the extent Plaintiff sues these defendants in their official capacities, the suit is functionally against the State of Nebraska. These suits are therefore barred as a matter of law and must be dismissed.

Similarly, though Plaintiff does not specify anything about them other than to name them in the caption, the Court takes judicial notice that Defendants Thomas Zimmerman and Timothy Phillips (the "Judges") are both judges of the County Court of the Third Judicial District in Lancaster County. As state court judges, Judges Zimmerman and Phillips are entitled to sovereign immunity for damages claims made against them in their official capacities absent a waiver of immunity by the state or an override of immunity by Congress. *See Tyler v. Kimes*, No. 8:18CV74, 2018 WL 3057873, at *2 (D. Neb. June 20, 2018) (citing *Tisdell v. Crow Wing Cnty.*, No. CIV. 13-2531 PJS/LIB, 2014 WL 1757929, at *7 (D. Minn. Apr. 30, 2014) (official-capacity claims against state court judge are claims against state)). Therefore, Plaintiff's claims against Judges Zimmerman and Phillips in their official capacities must be dismissed.

Finally, though no specific allegations are made against them, the "Leadership and Administration of the Lancaster County Court" is not an entity but would consist of employees of the Lancaster County Court. Employees of the Lancaster County Court would also be entitled to sovereign immunity. *See El*, 2023 WL 3004577, at *4. Sovereign immunity would therefore also bar Plaintiff's claims against employees in the "Leadership and Administration of the Lancaster County Court" to the extent they are sued in their official capacities.

## C. Judicial Immunity

To the extent Plaintiff sues the Judges in their individual capacities, his claim also fails. A judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivations of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).

"First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Plaintiff makes no factual allegations about either judge, let alone any allegation to support a conclusion that Judge Phillips or Judge Zimmerman took actions in the complete absence of authority. Plaintiff presumably sues each judge for their involvement in issuing the "medical order" that resulted in Plaintiff being sent to the LRC. Even construed liberally, such action would have been taken in their judicial capacity. Accordingly, Judges Zimmerman and Phillips are entitled to judicial immunity and Plaintiff's claims against them are subject to dismissal.

### D. *Rooker-Feldman* Doctrine

Construed liberally, Plaintiff may seek relief from the "medical order" that placed him in the LRC. To the extent such a claim is not moot, the Court cannot provide relief. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted). The *Rooker-Feldman* doctrine generally applies where a case is brought by a loser in a state court

9

action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, to the extent Plaintiff claims injury arising out of the "medical order" and seeks relief from that order, such a claim is barred by *Rooker-Feldman* and must be dismissed.

### E. Lack of Personal Involvement

To the extent Plaintiff asserts individual claims against employees of the "Leadership and Administration of Lancaster County," and "Leadership and Administration LRC," his claims also fail. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017). Moreover, when assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations. *See Iqbal*, 556 U.S. at 678. And even though pro se complaints are construed liberally, they still must allege sufficient facts to support the claims asserted. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff alleges no facts about the "Leadership and Administration" of the Lancaster County Court. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015). Because Plaintiff fails to allege any personal involvement of any member of the Lancaster County Court "Leadership and Administration," he fails to state a claim for relief against any individual employee.

For similar reasons, Plaintiff fails to state a claim for relief against employees in the "Leadership and Administration LRC." Plaintiff only vaguely references a "lack of administration/leadership oversight and accountability at the LRC." Filing No. 10 at 15. He makes no specific allegations about which employees would be included within the "Leadership and Administration LRC," nor does he make any allegation that could be broadly construed as a claim against such employees. Accordingly, he fails to state a claim for relief.

**F. Claims Against Andrew Corbin and Brandon Hollister**

Construed liberally, Plaintiff alleges Defendants violated his Fourteenth Amendment rights by forcing Plaintiff to be injected with medication. *See* Filing No. 10 at 5. The Amended Complaint does not identify the medication, nor does it identify which LRC staff members forcibly injected the medication. The Amended Complaint alleges that Defendants Corbin and Hollister—the only remaining Defendants—knew of Plaintiff's adverse reactions to the medications.

Plaintiff makes no other allegations against Hollister or his personal involvement in forcing Plaintiff to take the medication. Without even these minimal allegations, Plaintiff's Amended Complaint fails to state a plausible claim against Hollister and is subject to dismissal. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").

Plaintiff's allegations against Corbin, though slightly more detailed, also fail to state a claim for a Fourteenth Amendment violation. The Supreme Court has held that under *Washington v. Harper,* 494 U.S. 210 (1990), "forcing antipsychotic drugs on a convicted prisoner is impermissible absent a finding of overriding justification and a determination of medical appropriateness," and that "the Fourteenth Amendment affords at least as much protection to persons the State detains for trial." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see also Webb v. Nebraska*, No. 4:21CV3058, 2021 WL 2002925, at *4 (D. Neb. May 19, 2021) (applying the *Harper* test, on initial review, to a pro se plaintiff who alleged he had been forcibly restrained and injected with psychotropic medication at the LRC).

Procedural protections include the right to an independent decisionmaker as well as for "notice, the right to be present at an adversary hearing, and the right to present and cross-examine witnesses." *Doby v. Hickerson*, 120 F.3d 111, 113 (8th Cir. 1997) (quoting *Harper*, 494 U.S. at 233, 235). A judicial hearing is not required; the hearing may be adjudicated by non-treating medical personnel. *Harper*, 494 U.S. at 231 ("Notwithstanding the risks that are involved, we conclude that an inmate's interests are adequately protected, and perhaps better served, by allowing the decision to medicate to be made by medical professionals rather than a judge."). Nor does due process require the inmate to be represented by an attorney; an inmate's rights may be sufficiently protected by a lay adviser familiar with the psychiatric issues involved. *Id.* at 236.

Plaintiff does not allege that he was denied any of these procedural protections. To the contrary, while the allegations are sparse, they suggest that Plaintiff was provided with a hearing where the Lancaster County Court

ordered that he be sent to the LRC. While Plaintiff states the legal conclusion that Corbin committed perjury during a medication hearing, the Amended Complaint does not allege what Corbin said, much less how such statements were false. Because Plaintiff has not alleged that he was denied procedural protections, he fails to state a claim.

Plaintiff has also failed to state any claim for deprivation of substantive due process. The constitutional right to substantive due process protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them. *Norris v. Engles*, 494 F.3d 634, 637 (8th Cir. 2007). "Only a purpose to cause harm *unrelated to the legitimate object of* the government action in question will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 898 (8th Cir. 2020) (quoting *Folkerts v. City of Waverly*, 707 F.3d 975, 981 (8th Cir. 2013) (emphasis in original)). Plaintiff's Amended Complaint also fails to disclose any conscience-shocking behavior on the part of medical staff or others that would support a substantive due process claim.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, and for that reason is subject to preservice dismissal. Defendants, in their official capacities, are immune from suit for damages in federal court under the Eleventh Amendment. Defendants Phillips and Zimmerman are additionally entitled to judicial immunity. Further, the Complaint fails to state a claim for relief against Defendants "Leadership and Administration LRC" or "Leadership and Administration of Lancaster County Court" as it does not identify any individual or allege any individual's personal

13

involvement in unconstitutional action. Finally, Plaintiff's claims against Corbin and Hollister are insufficient to state a claim. However, the Court on its own motion will give Plaintiff 30 days in which to file a second amended complaint that alleges facts supporting a claim against Defendants Corbin and Hollister, to the extent such facts can be credibly alleged. Plaintiff's second amended complaint will also be reviewed under 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motions to Proceed in Forma Pauperis, Filing No. 6 and Filing No. 8, are granted.

2. The following Defendants and claims shall be dismissed or proceed further as specified below:

    a. Plaintiff's claims against the State of Nebraska, LRC, and County Court of Lancaster County, are dismissed without leave to amend.

    b. Plaintiff's claims against all other Defendants in their official capacities are dismissed without leave to amend.

    c. Plaintiff's claims against Defendants Zimmerman and Phillips in their individual capacities are dismissed without leave to amend.

    d. To the extent Plaintiff alleges claims against Defendants "Leadership and Administration LRC" and "Leadership and Administration of Lancaster County Court" in their

        individual capacities, such claims are dismissed without leave to amend.

    e.    Plaintiff is granted leave to file a second amended complaint to state a plausible Fourteenth Amendment claim against Defendants Corbin and Hollister, in their individual capacities, or against other specific individuals who were involved in the alleged forced administration of medication while Plaintiff was in the custody of LRC.

3.    Plaintiff shall have 30 days to file a second amended complaint in accordance with this Memorandum and Order. Failure to file a second amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his second amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to explain what the defendants did to him, when the defendants did it, and how the defendant's actions harmed him.

4.    In the event Plaintiff files a second amended complaint, Plaintiff shall restate the allegations of the Amended Complaint, Filing No. 10, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.

5.    The Court reserves the right to conduct further review of Plaintiff's claims in the event he files a second amended complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 22, 2025**—second amended complaint due.

7. The Clerk of the Court is directed to remove from this action the following Defendants:

    a. State of Nebraska;

    b. Leadership and Administration LRC;

    c. Lincoln Regional Center;

    d. County Court of Lancaster County;

    e. Thomas Zimmerman;

    f. Timothy Phillips; and

    g. Leadership and Administration of Lancaster County Court

8. The Clerk of the Court is further directed to update the caption to reflect that Defendants Andrew Corbin and Brandon Hollister are sued in their individual capacities only.

Dated this 22nd day of April, 2025.

BY THE COURT:

*/s/ John M. Gerrard*

John M. Gerrard
Senior United States District Judge